NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARGARET CARDONA,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORE INCORPORATED; ABC CORPORATIONS # 1-5; JOHN DOES # 1-5,<br><br>Defendants. | Civil Action No. 13-5617 (ES) (JAD)<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND (ECF NO. 5) |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court upon Plaintiff's motion to remand this case to the Superior Court of New Jersey, Law Division, Essex County Vicinage, pursuant to 28 U.S.C. § 1447, and for leave to amend her pleading pursuant to Federal Rule of Civil Procedure 15. (ECF No. 5). The Hon. Esther Salas, U.S.D.J. referred Plaintiff's motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, this Court recommends that Plaintiff's motion be **granted in part**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action by filing a Complaint in the New Jersey Superior Court, Law Division, Essex County Vicinage, against Defendants Dollar Tree Stores, Inc. ("Dollar Tree"), Manav Mehta and various fictional parties. (Notice of Removal, ECF No. 1, at 1;

Compl., ECF No. 1-1). Plaintiff subsequently filed an Amended Complaint correcting the name of the defendant entity but otherwise asserting her claims against the same parties. (Notice of Removal., ECF No. 1, at 1; Am. Compl., ECF No. 1-2). Plaintiff alleges that Defendant Dollar Tree wrongfully terminated her employment in violation of New Jersey common law and N.J.S.A. § 34:15-39.1. (Am. Compl., ECF No. 1-2 at 2-6). Plaintiff also alleges that Defendants discriminated against her in violation of N.J.S.A. 10:5-12, (id. at 7), and that Defendant Mehta sexually harassed her. (Id at 7-8).

While this matter was pending in the New Jersey Superior Court, Defendants filed a motion to dismiss, arguing, among other things, that Plaintiff could not maintain her claims against Defendant Mehta in his individual capacity. (Notice of Removal, ECF No. 1 at 2). Plaintiff ostensibly agreed and filed a motion for leave to file a Second Amended Complaint that removed all claims against Defendant Mehta. (See Prop. Sec. Am. Compl., ECF No. 1-3). For reasons that are unclear to this Court, upon receipt of Plaintiff's proposed amended pleading, and before the New Jersey Superior Court ruled on Plaintiff's motion to amend, Dollar Tree filed its notice of removal. (Notice of Removal, ECF No. 1, at 2-3; Pl. Br., ECF No. 5-1, at 1). As such, at the time of removal, Plaintiff's Amended Complaint was still the operative pleading in this matter. Indeed, Dollar Tree's removal stripped the Superior Court of jurisdiction to resolve Plaintiff's motion to amend. 28 U.S.C. § 1446(d) (stating that, upon removal, the "State court shall proceed no further unless and until the case is remanded.") Nevertheless, Dollar Tree bases its removal on the as-yet-unfiled proposed Second Amended Complaint. Plaintiff has since expressly withdrawn her motion for leave to file that pleading. (Pl. Br., ECF No. 5-1 at 1, ECF No. 5-2 ¶ 5).

Plaintiff now requests that the Court remand this matter back to the New Jersey Superior Court. Plaintiff also requests that the Court permit her to amend her pleading to add an additional claim against Defendant Mehta.

## II. LEGAL STANDARD – REMOVAL AND REMAND.

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. In turn, a party's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009). Where, as here, subject matter jurisdiction is based on "complete diversity" under 28 U.S.C. § 1332(a), "[d]iversity of citizenship must have existed at the time the complaint was filed . . . and at the time of removal." Johnson v. Smithkline Beecham Corp., 724 F.3d 337, 343 (3d Cir. 2013). "'Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly

3

construed and all doubts resolved in favor of remand.'" Id. (internal citations omitted); accord Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citing Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir.1987)).

### III. ANALYSIS

Defendant Dollar Tree removed this matter from the New Jersey Superior Court on the basis of diversity, pursuant to 28 U.S.C. § 1332(a) and 28 U.SC. § 1441. (Notice of Removal, ECF No. 1 at ¶¶ 2-9). "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" Johnson, 724 F.3d at 343 (internal citation omitted). The parties' briefing on Plaintiff's motion all but ignores a dispositive procedural fact. Defendant Mehta, a New Jersey resident, (Notice of Removal, ECF No. 1 at ¶ 2), has been a party to this matter since its inception.[1] Plaintiff is also a New Jersey resident. (ECF No. 1-2 at 1). To date, therefore, there has never been complete diversity amongst the parties and the District Court has never had subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

The parties' confusion on this point appears to flow from the timing of Defendant Dollar Tree's application for removal. After Plaintiff filed her Amended Complaint in the Superior Court, Defendants Dollar Tree and Mehta filed a motion to dismiss arguing, in part, "that it was legally improper for [Plaintiff] to bring suit against the individual, Mehta." (Notice of Removal, ECF No. 1 at ¶ 4). Dollar Tree contends that Plaintiff subsequently agreed that her claims against Mehta were legally insufficient, (id. at ¶ 5), and that Plaintiff filed a motion before the New Jersey Superior Court seeking leave to file an amended pleading removing any such claims. (See ECF No. 1-3 at 1). In support of that application, Plaintiff submitted a proposed Second

---

[1] Plaintiff notes that "Manav Mehta technically remains a party to this action", (Pl. Br., ECF No. 5-1, at 2), but does not discuss the jurisdictional implications of that statement.

Amended Complaint for the Superior Court's consideration. (Notice of Removal, ECF No. 1 ¶ 5; ECF No. 1-3). Upon receipt of Plaintiff's proposed Second Amended Complaint, and before the Superior Court resolved Plaintiff's motion to amend, Dollar Tree filed its Notice of Removal. At the time of removal, therefore, Mr. Mehta was still a defendant in this matter. The distinction is not merely academic. Defendant Dollar Tree's Notice of Removal was based on Plaintiff's proposed Second Amended Complaint, which was not and, in light of the fact that Plaintiff has expressly withdrawn her motion for leave to file that pleading, (see Pl. Br., ECF No. 5-1 at 1; ECF No. 5-2 ¶ 5), may never be the operative pleading in this case. Indeed, far from removing Defendant Mehta as a party, Plaintiff now seeks to amend her pleading to assert a new cause of action against him. (Pl. Br., ECF No. 5-1, at 2). It may be that some future iteration of Plaintiff's pleading will establish the "complete diversity" of parties necessary to create subject matter jurisdiction in the United States District Court. Until that time, however, a diversity based removal would be inappropriate, as the Court lacks original jurisdiction under 28 U.S.C. § 1332(a). See Johnson, 724 F.3d at 343 ("[d]iversity of citizenship must have existed . . . at the time of removal") (internal citation omitted).

Nor does the District Court enjoy "federal question" jurisdiction over this matter pursuant to 28 U.S.C. § 1331. In her Amended Complaint, the current operative pleading in this matter, (ECF No. 1-2), Plaintiff asserts five causes of action, none of which appear to arise under federal law. Indeed, Defendant Dollar Tree has not contended, either in its Notice of Removal or its opposition to Plaintiff's Motion to Remand, that the Court may exercise "federal question" subject matter jurisdiction. (See generally, Notice of Removal, ECF No. 1; Def. Br., ECF No. 7). As Plaintiff's claims arise under New Jersey law, and no diversity jurisdiction exists under 28 U.S.C. § 1332, (see Am. Compl., ECF No. 1-2, at 1) (stating Plaintiff is a resident of New

Jersey); (see also Pl. Br. ECF No. 5-1 at 3) (stating that Mr. Mehta is also citizen of New Jersey), the District Court lacks subject matter jurisdiction over this matter. 28 U.SC. § 1447(c) requires, therefore, that the Court remand this case to the Superior Court of New Jersey.

IV. **CONCLUSION**

Based on the foregoing, this Court recommends that Plaintiff's motion to remand, (ECF No. 5), be granted and that this matter be remanded to the Superior Court of New Jersey, Law Division, Essex County Vicinage. This Court further suggests that the District Court lacks jurisdiction to consider Plaintiff's motion for leave to amend, and that any such motion should be submitted to the New Jersey Superior Court for consideration after remand.

_____
Joseph A. Dickson, U.S.M.J.

cc. Honorable Esther Salas, U.S.D.J.