<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MARGARET CARDONA,** | : | |
| Plaintiff, | : | Civil Action No. 13-5617 (ES)(JAD) |
| v. | : | **OPINION & ORDER** |
| **DOLLAR TREE STORE INCORPORATED, et al.,** | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Margaret Cardona's ("Plaintiff") motion to remand this action to the Superior Court of New Jersey, Essex County. (D.E. No. 5 ("Motion to Remand")). This Court referred Plaintiff's motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 7, 2013, Magistrate Judge Dickson issued a Report and Recommendation (the "R & R") that the undersigned grant Plaintiff's motion. (D.E. No. 8). The parties had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). On November 21, 2013, Defendants Dollar Tree Stores, Inc. ("Dollar Tree") and Manav Mehta ("Mehta") (collectively, "Defendants") filed an objection to the R & R. (D.E. No. 9 ("Def. Objection")). For the reasons set forth below, the Court ADOPTS Magistrate Judge Dickson's R & R and GRANTS Plaintiff's motion to remand.

The Court provides the background of this action in summary fashion because Judge Dickson provided the relevant factual and procedural background in the R & R. (*See* R & R at 1-

3). On May 10, 2013, Plaintiff filed a complaint in state court. (D.E. No. 1-1, Compl.). Notably, the original complaint filed by Plaintiff (a New Jersey resident), (Compl. at 1), included claims against two named Defendants: Dollar Tree (a Virginia corporation) and Mehta (a New Jersey resident), (D.E. No. 1, ("Notice of Removal") ¶ 2). On July 5, 2013, Plaintiff amended the Complaint. (D.E. No. 1-2, First Amended Complaint).

Thereafter, on September 19, 2013, Plaintiff *sought leave*[1] from the state trial court to amend her complaint. (D.E. No. 1-3, ("Proposed Second Amended Complaint"); *see also* D.E. No. 9, State Court Docket No. ESX-L-3749-13, "MOTN FL AMD CMP"). In Plaintiff's proposed second amended complaint, she asserts no claims against Mehta. (Proposed Second Amended Complaint). After filing her motion for leave to amend the complaint, Plaintiff's counsel submitted a letter to the state trial court that stated that Plaintiff "conceded that Mr. Manav Mehta should be excluded from all counts." (D.E. No. 1-3, ("Coviello Letter") at 2). But, there is no evidence in the record that indicates that the state trial court ever ruled on Plaintiff's motion for leave to amend[2] or that the state trial court ever ruled on whether to accept that the claims against Mehta were dismissed.[3]

On September 20, 2013, Dollar Tree removed Plaintiff's action to this Court, asserting that removal was proper under diversity jurisdiction. (Notice of Removal ¶¶ 5-6). Plaintiff, however, moved to remand, arguing that the Court lacked subject matter jurisdiction because Plaintiff intended on seeking leave to amend the complaint to include claims against Mehta. (*See*

---

[1] Plaintiff's counsel submitted a letter to the state trial court that stated, "I filed a separate motion *for leave* to file a Second Amended Complaint." (D.E. No. 1-3, ("Coviello Letter") at 2) (emphasis added).

[2] Although it is unclear whether or not Plaintiff may have filed an amended complaint as-of-right under N.J. Ct. R. 4:9-1, this is irrelevant because Plaintiff filed a *motion* for leave to amend and there is no record evidence of the state court granting the motion.

[3] Further, Defendants do not cite any law which provides that Plaintiff's letter, (Coviello Letter), automatically dismissed Mehta from the case. (*See* Def. Objection at 14-15).

Motion to Remand). Defendants opposed the motion to remand, arguing that Plaintiff intended to add claims against Mehta merely to avoid federal jurisdiction. (D.E. No. 7, ("Def. Opp. Br. to Mot. for Remand")).

In the R & R, Judge Dickson disagreed with both parties' characterization of the issue, finding that "at the time of removal . . . Mr. Mehta was still a defendant in this matter . . . . Defendant Dollar Tree's Notice of Removal was based on Plaintiff's proposed Second Amended Complaint, which was not . . . the operative pleading in this case." (R & R at 5). Judge Dickson further reasoned that, since Mehta was still a defendant in this matter, the District Court lacked subject matter jurisdiction because there was not complete diversity under 28 U.S.C. § 1332.[4] (*Id.* at 5-6).

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

On the question of subject matter jurisdiction, Defendants' objection to the R & R, essentially boils down to one proposition: a defendant's 30-day time period to remove from state court begins as soon as a *proposed* amended complaint is filed, if the proposed amended complaint would provide a basis for removal when *operative*. (*See* Def. Objection at 14-15). To support this proposition, Defendants cite the plain language of 28 U.S.C. § 1446(b)(3),

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable

---

[4] As noted above, both Plaintiff and Defendant Mehta are New Jersey residents.

28 U.S.C. § 1446(b)(3).

Defendants' seem to rely primarily on the statute's use of the word "ascertained," as evident by the statement in the Notice of Removal that "the removal is timely . . . in that it was filed within thirty (30) days of Dollar Tree's receipt of a copy of the Second Amended Complaint, from which it was first ascertained that this case is one which has become removable." (Notice of Removal ¶ 8). Defendants also argue that because the Coviello Letter stated that Plaintiff concedes that Mehta should be excluded from all counts, this matter is removable because such a withdrawal of claims allows a litigant to ascertain that the matter is removable. (Def. Objection at 14-15).

"[A] proposed amended complaint that on its face would provide a basis for subject matter jurisdiction does not become removable until it becomes the operative complaint in the case." *McDonough v. UGL Unicco*, 766 F. Supp. 2d 544, 546 (E.D. Pa. 2004); *accord Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 409-10 (6th Cir. 2008) (adopting the view that the 30-day time limitation of §1446(b)(3) "begins to run from the actual and effective amendment of the complaint").

Here, as noted above, the proposed version of the complaint, which did not assert claims against Mehta, never became the operative complaint. Pursuant to the operative complaint—the first amended complaint—there was not complete diversity in this case because in the first amended complaint, Plaintiff maintained claims against Mehta. (*See* D.E. No. 1-2, First Amended Complaint).

Indeed, before a complaint becomes operative it neither *is* nor *has become* removable. *See* 28 U.S.C. § 1446(b)(3) (a matter must be removed within thirty days of when it may first be ascertained that the case is one "which *is* or *has become* removable") (emphasis added).

4

Similarly, Plaintiff's statement in the Coviello Letter that "Mehta should be excluded from all counts" does not support removal absent legal citation demonstrating that such a statement functions as an automatic dismissal of Mehta without a court order.  Thus, this action must be remanded to state court.

The Court has reviewed Defendants' objection and Magistrate Judge Dickson's R & R, and for the reasons stated above and in Judge Dickson's R & R,

**IT IS** on this 20th day of May 2014,

**ORDERED** that this Court hereby ADOPTS Magistrate Judge Dickson's Report and Recommendation, (D.E. No. 8), in full; and it is further

**ORDERED** that Plaintiffs' motion to remand this action to the Superior Court of New Jersey, Essex County, (D.E. No. 5), is GRANTED; and it is further

**ORDERED** that this matter is hereby REMANDED to the Superior Court of New Jersey, Essex County; and it is further

**ORDERED** that the Clerk of Court shall mark this case CLOSED.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**